Maurice W. Simon v. Commissioner.
Maurice W. Simon v. Commissioner
Docket No. 8851.
United States Tax Court
1947 Tax Ct. Memo LEXIS 328; 6 T.C.M. (CCH) 57; T.C.M. (RIA) 47009; January 24, 1947
*328 David L. Landy, Esq., and Lester E. Stone, C.P.A., for the petitioner. Clay C. Holmes, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $21,234.52 in the income tax of the petitioner for the calendar year 1943. The petitioner assigns as error the action of the Commissioner in computing gross income from business on the basis of cash receipts and disbursements, instead of computing it for "1942 and 1943 in accordance with the accrual method of accounting as reported by petitioner." The petitioner also alleges as an alternative to the use of an accrual method, that the Commissioner erred in failing to deduct from the gross receipts which he deemed to be sales in the years collected, the actual cost of merchandise sold. Findings of Fact The petitioner is an individual who filed his return for 1943 with the collector of internal revenue for the 28th district of New York. The petitioner is engaged in the business of selling paper box board. He reported his income from this business for the years prior to 1942 on the cash receipts and disbursements basis. He reported his income from this business *329 for the years 1942 and 1943 on an accrual basis and filed amended returns for the years 1939, 1940, and 1941 on that same basis. He did not request or receive permission from the Commissioner to change his method of reporting income. The Commissioner, in determining the deficiency for 1943, made certain adjustments to the net income as disclosed by the return for 1942. One was to increase the net profit from the business by $32,093.54. He explained that the net income from the business was erroneously reported on the accrual basis, and since the returns for prior years were filed on the cash basis and the necessary permission to change was not requested or secured from the Commissioner, the corrected net income on the cash basis was $42,142.14 for 1942 instead of the amount reported on the return. He also stated that the taxes paid on the amended returns on the accrual basis for the three prior years would, in due course, be made the subject of certificates of overassessment. He made similar adjustments to the net income as reported for 1943 and gave a similar explanation. The method used by the Commissioner in determining the deficiency does not fail to reflect income clearly. *330 The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner had consistently followed the practice of filing its returns upon the basis of cash receipts and expenditures. The Commissioner had accepted the returns filed on that basis. The returns filed were in all material respects in accordance with the method used by the taxpayer in keeping its books. They were a clear reflection of income. The petitioner did not seek or obtain permission to change the method upon which it filed its returns. The returns which it filed for 1942 and 1943 were on a basis substantially different from that used in the prior years. The Commissioner refused to accept the returns for 1942 and 1943 on the new basis and determined the deficiencies in accordance with the method used by the petitioner and accepted by the Commissioner for prior years. The Courts have uniformly upheld similar action of the Commissioner in situations like this. The reasons for the rule that a taxpayer may not change the method on which he reports income without permission of the Commissioner and without compliance with his regulations are obvious. Confusion would result. Some *331 adjustment must be made in practically every case to protect the taxpayer or the revenues when a change of that kind is made, and the Commissioner has a right to reject any proposed change unless permission is first obtained and a proper adjustment is made. ; ; ; ; , affirmed ; ; ; ; ; . The petitioner has no right in this proceeding to have its income for 1942 and 1943 computed upon an accrual basis or indeed upon any other basis substantially different from that which it consistently used in reporting its income for prior years. The petitioner contends that the method which *332 it used in prior years and which the Commissioner has continued to use for 1942 and 1943 is an improper one which does not clearly reflect income in that the cost of goods sold is not always matched against the amount realized from the sale of those particular goods. It insists that the amount realized from any sale must be offset by the cost of the particular goods sold in order to determine the profit from that transaction. It has never followed that method in reporting its income. This theory, if accepted, would apply to thousands of taxpayers now using the cash method by choice. It is possible that on occasions incidents of the kind described by the taxpayer have occurred, but over a period of time they would tend to wash out. Defects of this kind are inherent in the cash receipts and disbursements method. It is not perfect. Nearly always some accounts due a taxpayer will remain uncollected at the end of the year, and some of his own obligations may remain unpaid, but if the method is consistently applied, it will bring about a reasonably fair reflection of income. Certainly it was not contemplated that all taxpayers could be forced to use an accrual method or one which perfectly *333 reflects income. Cf. Mertens, Law of Income Taxation, Volume 2, page 188. The taxpayer has not shown that the method which it has used to report its income and which has been used by the Commissioner for the years 1942 and 1943 does not reflect its income properly and, what is more important, it has not demonstrated its right to use any other method which would more clearly reflect its income for the years 1942 and 1943. Decision will be entered for the respondent.